**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Emma Ochoa-Toledo, *et al.*,               )
                                           )
        Plaintiffs,                        )
                                           )
v.                                         )    No. CIV 24-195-TUC-CKJ
                                           )
Andrew Palafox, *et al.*,                  )        **ORDER**
                                           )
        Defendants.                        )
_____)

Pending before the Court is the Motion to Set Aside the Judgement in Favor of Defendants' Motion for Summary Judgment Pursuant to Fed.R.Civ. 60(b)(1) (Doc. 50) filed by Plaintiffs.  The Court finds it appropriate to consider the Motion without a response.

The applicable rule states:

> Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect.

Fed.R.Civ.P. 60(b)(1).  The Ninth Circuit has stated:

> Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), and includes "omissions caused by carelessness," *id*. at 388, 113 S.Ct. 1489. The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395, 113 S.Ct. 1489.  To determine when neglect is excusable, we conduct the equitable analysis specified in Pioneer by examining "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." [*Bateman v. USPS*, 231 F.3d 1220, 1223-24 (9th Cir. 2000)].

*Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009); *see also  Pincay v. Andrews*, 389 F.3d 853, 855-56 (9th Cir. 2004).

In this case, the delay itself only minimally prejudices Defendants. *See Bateman*, 231 F.3d at 1225 (finding minimal prejudice where defendants "would have lost a quick victory and, should it ultimately have lost the summary judgment motion . . . would have to reschedule the trial date"). Further, Plaintiffs have quickly sought the requested relief and the minimal delay does not significantly impact the judicial proceedings. Significantly, the Court finds no basis to conclude counsel or his staff acted in bad faith. Indeed, counsel has demonstrated his efforts to comply with deadlines by the filing of prior requested extensions. *Compare In re Hawaiian Airlines, Inc.*, No. CV. 08-00405 DAE-BMK, 2011 WL 1483923, at *4 (D. Haw. Apr. 18, 2011) (considering prior non-compliance of court orders and deadlines in other litigation in excusable neglect analysis).

Moreover, counsel's reasons for the delay indicate that, while the filing and conduct of staff was within counsel's ultimate control, his staff's personal issues contributed the failure to file a timely response. Further, as discussed in *Lemoge*, it is appropriate to consider the prejudice to the named Plaintiffs. 587 F.3d at 1196 (recognizing that plaintiffs "would endure the ultimate prejudice of being forever barred from pursuing their claims"). Here, the Court finds the prejudice to Plaintiffs, as a result of counsel's failure to file a timely response, is significant as they would be denied a full opportunity to respond to the Motion for Summary Judgment.

The Court finds it appropriate to grant Plaintiffs' request. However, Plaintiffs' counsel is advised no additional extensions of time to file a response to the Motion for Summary Judgment will be granted.

Accordingly, IT IS ORDERED:

1. The Motion to Set Aside the Judgement in Favor of Defendants' Motion for Summary Judgment Pursuant to Fed.R.Civ. 60(b)(1) (Doc. 50) is GRANTED.

2. The Court's March 26, 2026, Order and the Clerk of Court's March 26, 2026, Judgment are VACATED.

3. Plaintiffs shall file a response to the Motion for Summary Judgment within

thirty (30) days of the date of this Order.  Defendants shall file any reply within 15 days of service of the response.

DATED this 17th day of April, 2026.

_____
Cindy K. Jorgenson
United States District Judge